RE: OPINION REQUEST REGARDING THE PROPRIETY OF THE OKLAHOMA HORSE RACING COMMISSION'S DELIBERATING IN CHAMBERS AT THE CONCLUSION OF AN INDIVIDUAL PROCEEDING AT ITS SEPTEMBER 17, 1991 MEETING.
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT OPINION REQUEST REGARDING THE OKLAHOMA HORSE RACING COMMISSION'S IN CHAMBERS" DELIBERATION AT THE END OF AN INDIVIDUAL PROCEEDING, AT ITS SEPTEMBER 17, 1991 MEETING. BECAUSE THE QUESTION YOU POSE REQUIRES A CONSIDERATION OF SPECIFIC FACTS AND THE REVIEW OF A TRANSCRIPT, WE ARE RESPONDING BY WAY OF AN INFORMAL OPINION, WHICH CONSTITUTES THE OPINION OF THE UNDERSIGNED COUNSEL.
QUESTION PRESENTED
MAY THE OKLAHOMA HORSE RACING COMMISSION, AT THE CONCLUSION OF AN INDIVIDUAL PROCEEDING CONDUCTED UNDER THE OKLAHOMA ADMINISTRATIVE PROCEDURES ACT, RETIRE TO DELIBERATE IN CHAMBERS?
ADJUDICATION GIVING RISE TO THE QUESTION
UNDER THE SPECIFIC PROVISIONS OF 3A O.S. 204(A)(4) (1990), THE OKLAHOMA HORSE RACING COMMISSION IS REQUIRED TO:
 "4. ADJUDICATE CONTROVERSIES ARISING FROM THE ENFORCEMENT OF THE PROVISIONS OF THE OKLAHOMA HORSE RACING ACT AND THE RULES AND REGULATIONS OF THE COMMISSION;"
IN THE CIRCUMSTANCES ABOUT WHICH YOU INQUIRE, THE COMMISSION, IN THE EXERCISE OF ITS ADJUDICATORY POWERS, WAS DETERMINING WHETHER AN ORGANIZATIONAL LICENSEE, REMMINGTON PARK, BY FAILING TO PROPERLY ACCOUNT FOR TICKET PROCEEDS, WAS REQUIRED UNDER THE PROVISIONS OF 3A O.S. 208.1, TO REMIT $13,372 TO THE OKLAHOMA BREEDING DEVELOPMENT FUND SPECIAL ACCOUNT. AFTER HEARING TESTIMONY FROM REPRESENTATIVES OF REMINGTON PARK, AND FROM THE STATE AUDITOR AND INSPECTOR'S OFFICE, REGARDING REMINGTON PARK'S FAILURE TO ACCOUNT FOR WINNING TICKETS, AND AFTER QUESTIONING BOTH THE AUDITOR'S REPRESENTATIVE, AND THE RACE TRACK'S ATTORNEY, THE COMMISSION, AS DEMONSTRATED IN THE TRANSCRIPT YOU PROVIDE, VOTED TO DELIBERATE IN CHAMBERS.
COMMISSION'S POWER TO DELIBERATE IN CHAMBERS
ANALYSIS OF THE INTERPLAY BETWEEN THE OPEN MEETING ACT AND THE ADMINISTRATIVE PROCEDURES ACT.
YOU CORRECTLY NOTE IN YOUR REQUEST, THAT UNDER THE PROVISIONS OF 3A O.S. 203(B), THE PROCEEDINGS OF ALL MEETINGS OF THE COMMISSION ARE REQUIRED TO COMPLY WITH THE PROVISIONS OF OKLAHOMA'S OPEN MEETING ACT. THE COMMISSION'S COMPLIANCE WITH THAT ACT IS CONTROLLED BOTH BY THE LANGUAGE OF THAT ACT ITSELF, AND THE COURT'S INTERPRETATION OF THE ACT, INCLUDING THE COURT'S PRONOUNCEMENTS ON THE INTERPLAY BETWEEN THE OPEN MEETING ACT AND THE OKLAHOMA ADMINISTRATIVE PROCEDURES ACT.
THE OKLAHOMA ADMINISTRATIVE PROCEDURES ACT AT 75 O.S. 250.3(1) (1990) DEFINES AN "AGENCY SUBJECT TO THE PROVISIONS OF THE ACT AS INCLUDING ANY STATE BOARD, COMMISSION, OR DEPARTMENT. "INDIVIDUAL PROCEEDINGS" UNDER THE ADMINISTRATIVE PROCEDURES ACT ARE DEFINED TO MEAN "THE PROCESS EMPLOYED BY AN AGENCY FOR THE FORMULATION OF AN ORDER" 75 O.S. 250.3(6). AN "ORDER" IS DEFINED TO MEAN "ALL OR PART OF THE FINAL OR INTERMEDIATE DECISION, WHETHER AFFIRMATIVE, NEGATIVE, INJUNCTIVE OR DECLARATORY IN FORM, BY AN AGENCY IN ANY MATTER OTHER THAN RULE MAKING . . . 75 O.S. 250.3(5).
IN THE SITUATION YOU ASKED US TO REVIEW, THE COMMISSION WAS CONDUCTING AN INDIVIDUAL PROCEEDING TO DETERMINE WHETHER THE RACE TRACK WOULD BE ORDERED TO PAY CERTAIN FUNDS INTO THE OKLAHOMA BREEDING DEVELOPMENT FUND SPECIAL ACCOUNT, DUE TO ITS FAILURE TO PROPERLY ACCOUNT FOR TWO WINNING TICKETS. HAVING CONDUCTED THE HEARING ON THE MATTER AT AN OPEN MEETING, THE COMMISSION, AS NOTED ABOVE, DECIDED TO DELIBERATE IN CHAMBERS. IN STILLWATER SAVINGS LOAN ASSOCIATION V. OKLAHOMA SAVINGS LOAN BOARD, 534 P.2D 9 (OKLA. 1977), THE OKLAHOMA SUPREME COURT WAS CALLED UPON TO DISCUSS THE INTERPLAY BETWEEN THE OKLAHOMA OPEN MEETING ACT, AND THE ADMINISTRATIVE PROCEDURES ACT. THE COURT CONCLUDED THAT THE BOARD PROPERLY DELIBERATED IN CHAMBERS AT THE CONCLUSION OF AN INDIVIDUAL PROCEEDING.
IN THE STILLWATER CASE, THE OKLAHOMA SAVINGS LOAN BOARD, AFTER A HEARING ON AN APPLICATION FOR A CERTIFICATE OF AUTHORITY, DELIBERATED IN CHAMBERS, IN REACHING ITS FINAL DECISION. ARGUING THAT DELIBERATIONS ARE REQUIRED TO BE CONDUCTED IN OPEN SESSION, UNDER THE OKLAHOMA OPEN MEETING ACT, APPELLANT SOUGHT REVERSAL OF THE BOARD'S ORDER. CONCLUDING THAT THE PROVISIONS OF THE OPEN MEETING ACT DID NOT CONTROL, THE SUPREME COURT FOUND THAT THE MORE SPECIFIC PROVISIONS OF THE ADMINISTRATIVE PROCEDURES ACT, IN PARTICULAR 312 OF THAT ACT, WERE CONTROLLING. BECAUSE THAT SECTION PROVIDES THAT PARTIES TO AN INDIVIDUAL PROCEEDING SHALL BE NOTIFIED OF AN ORDER EITHER PERSONALLY OR BY MAIL, THE COURT HELD THAT THERE WAS NO NEED FOR THE AGENCY DECISION TO BE REACHED IN OPEN SESSION, THE COURT STATING:
 THE "ADMINISTRATIVE PROCEDURES ACT, N 75 O.S. 301 ET SEQ., PROVIDES FOR HEARINGS BEFORE AGENCIES UNDER ITS AUTHORITY, STANDARDS FOR DECISIONS AND APPELLATE PROCESSES. 75 O.S. 312 OF THE ACT PROVIDES THAT THE PARTIES SHALL BE NOTIFIED EITHER PERSONALLY OR BY MAIL OF ANY ORDER. 75 O.S. 301(6) OF THE ACT PROVIDES: AS USED IN THIS ACT: (TEXT OF ACT)
IN 1983, ATTORNEY GENERAL MIKE TURPEN RELIED ON THIS ANALYSIS IN STILLWATER IN ISSUING HIS OFFICIAL OPINION THAT DELIBERATIONS IN INDIVIDUAL PROCEEDINGS ARE CONTROLLED BY THE ADMINISTRATIVE PROCEDURES ACT, AND NOT THE AMENDED OPEN MEETING ACT. A.G. OP. 83-209.
IN ANALYZING THE STILLWATER DECISION, IT SHOULD BE NOTED THAT THE COURT RELIED UPON THE SPECIFIC PROVISIONS OF 312 OF THE ADMINISTRATIVE PROCEDURES ACT, (75 O.S. 312), WHICH ESTABLISHES THE PROCEDURAL REQUIREMENTS TO BE FOLLOWED IN ISSUING ORDERS IN INDIVIDUAL PROCEEDINGS. NOT ONE JOT OR TITTLE OF THAT SECTION, HAS BEEN CHANGED SINCE THE STILLWATER DECISION. IN FACT, THAT SECTION HAS REMAINED UNCHANGED SINCE ITS ORIGINAL ENACTMENT IN 1963. THUS WE SEE, THAT THE SPECIFIC STATUTE RELIED UPON BY THE COURT IN STILLWATER REMAINS THE SAME TODAY.
WHILE THE OPEN MEETING ACT HAS BEEN AMENDED SINCE THE STILLWATER DECISION, THE KEY PROVISIONS IN EFFECT AT THE TIME OF THE STILLWATER DECISION HAVE NOT BEEN ALTERED AS TO AFFECT THE STILLWATER RATIONAL. ADDITIONALLY, SINCE STILLWATER, THE SUPREME COURT, IN 1981, REAFFIRMED ITS RATIONALE IN STILLWATER IN BALENSEIFEN V. BD. OF GOVERNORS OF REGISTERED DENTIST, (CASE NO. 52,078).
AT THE TIME OF THE STILLWATER DECISION 201 OF THE OPEN MEETING ACT, (1981 OKLA. SESS. LAWS, CH. 320, 1) PROVIDED AS FOLLOWS: "ALL MEETINGS OF THE GOVERNING BODIES OF ALL MUNICIPALITIES LOCATED WITHIN THE STATE OF OKLAHOMA, BOARDS OF COUNTY COMMISSIONERS OF THE COUNTIES IN THE STATE OF OKLAHOMA, BOARDS OF PUBLIC AND HIGHER EDUCATION IN THE STATE OF OKLAHOMA AND ALL OTHER BOARDS. BUREAUS. COMMISSIONS AGENCIES. TRUSTEESHIPS OR AUTHORITIES IN THE STATE OF OKLAHOMA SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDING OF PUBLIC FUNDS. OR ADMINISTERING PUBLIC PROPERTIES. MUST BE PUBLIC MEETINGS. AND IN ALL SUCH MEETINGS THE VOTE OF EACH MEMBER MUST BE PUBLICLY CAST AND RECORDED.
EXECUTIVE SESSIONS WILL BE PERMITTED ONLY FOR THE PURPOSE OF DISCUSSING THE EMPLOYMENT, HIRING, APPOINTMENT, PROMOTION, DEMOTION, DISCIPLINING OR RESIGNATION OF ANY PUBLIC OFFICER OR EMPLOYEE; PROVIDED, HOWEVER, THAT ANY VOTE OR ACTION THEREON MUST BE TAKEN IN PUBLIC MEETING WITH THE VOTE OF EACH MEMBER PUBLICLY CAST AND RECORDED."
ANY ACTION TAKEN IN VIOLATION OF THE ABOVE PROVISIONS SHALL BE INVALID.
ANY MEMBER OF THE LEGISLATURE APPOINTED AS A MEMBER OF A COMMITTEE OF EITHER BRANCH OF THE LEGISLATURE OR JOINT COMMITTEE THEREOF OR A COMMITTEE OF THE STATE LEGISLATIVE COUNCIL SHALL BE PERMITTED TO ATTEND ANY EXECUTIVE SESSION OF ANY STATE AGENCY, BOARD OR COMMISSION AUTHORIZED BY THIS ACT WHENEVER THE JURISDICTION OF SUCH COMMITTEE INCLUDES THE ACTIONS OF THE PUBLIC BODY INVOLVED.
THE GENERAL PROVISIONS OF THE ACT AS THEY EXIST TODAY ARE MUCH THE SAME AS THEY WERE WHEN STILLWATER WAS DECIDED. 25 O.S. 303 (1990). ALSO NOTE THAT THE LANGUAGE OF THE ACT IS LIKE THAT IN 3A O.S. 203(B) WHICH, AS YOU OBSERVED, SPEAKS IN TERMS OF "ALL MEETINGS" BEING CONDUCTED UNDER THE ACT.
THE PRESENT STATUTE'S DEFINITION OF "PUBLIC BODY" WHICH DEFINES THOSE ENTITIES TO WHICH THE OPEN MEETING ACT APPLIES HAS A SIMILAR PHRASEOLOGY AS THAT INCLUDED IN THE ACT BEFORE ITS AMENDMENTS. IN FACT THE AMENDED ACT CONTAINS MORE EXEMPTIONS. THAT DEFINITION, AT 25 O.S. 304, READS AS FOLLOWS:
(TEXT OF ACT)
LIKE THE LAW CONSIDERED IN STILLWATER, THE PROVISIONS DEALING WITH THE EXECUTIVE SESSION ARE SIMILAR, AND ARE EVEN LESS RESTRICTIVE TODAY. SEE 25 O.S. 307.
NOWHERE DOES THE AMENDED OPEN MEETING ACT PROVIDE THAT THE MORE SPECIFIC PROVISIONS OF THE ADMINISTRATIVE PROCEDURES ACT DEALING WITH INDIVIDUAL PROCEEDINGS ARE TO BE INAPPLICABLE TO SUCH PROCEEDINGS.
THUS UNDER EXISTING LAW THE COMMISSION WAS AUTHORIZED TO CONDUCT IN CHAMBER DELIBERATION, UNDER THE ANALYSIS USED BY THE OKLAHOMA SUPREME COURT IN STILLWATER AND BALENSEIFEN, AND BY THE ATTORNEY GENERAL IN HIS 1983 OPINION.
FOR THE ABOVE-STATED REASONS, IT IS THE OPINION OF THE UNDERSIGNED COUNSEL, THAT:
 1) THE OKLAHOMA HORSE RACING COMMISSION MAY AT THE CONCLUSION OF AN INDIVIDUAL PROCEEDING, RETIRE TO DELIBERATE IN CHAMBERS, RATHER THAN DELIBERATING IN OPEN SESSION, AND
 2) THE COMMISSION AT THE CONCLUSION OF THE SEPTEMBER 17, 1991 INDIVIDUAL PROCEEDING-INVOLVING THE ADJUDICATION OF WHETHER AN ORGANIZATIONAL LICENSEE, FOR FAILURE TO PROPERLY ACCOUNT FOR WINNING TICKETS, WOULD BE REQUIRED TO PAY FUNDS INTO THE OKLAHOMA BREEDING DEVELOPMENT FUND SPECIAL ACCOUNT-DID NOT ACT IN VIOLATION OF THE OPEN MEETING ACT, WHEN ITS MEMBERS RETIRED TO DELIBERATE IN CHAMBERS.
(NEAL LEADER)